United States District Court
Southern District of Texas
**ENTERED**
June 27, 2016
David J. Bradley, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| JACOB REASHAW HERNDON, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-1786 |
| | § | |
| DISCOUNT TIRES, *et al.,* | § | |
| | § | |
| *Defendants.* | § | |

### ORDER OF DISMISSAL

Plaintiff, a state inmate currently in custody at the Dallas County Jail, files this section 1983 lawsuit against Discount Tires, the Houston Police Department, a Harris County assistant district attorney, and the Harris County Sheriff's Department. He claims that he was wrongfully charged with theft of services in Harris County, Texas in 2013, and that the charges were subsequently dropped. He seeks monetary damages for lost wages and income and defense costs in an amount "from $2,000 to 2 million." He claims that the charges were brought by Discount Tires.

Public court records for the Harris County District Clerk's Office show that on August 14, 2013, plaintiff was indicted by a grand jury for felony theft of services by check in cause number 1399222 in the 183rd District Court of Harris County, Texas. An individual was named as the complainant, and no reference is made to Discount Tires. The case was dismissed on January 9, 2014, at the request of the assistant district attorney. Plaintiff claims that at some point during his detention prior to dismissal of the charges, a unknown police

officer struck him in the ribs and called him a "slave of the state."  However, no damages are requested for this alleged incident.

The limitations period for section1983 claims is governed by Texas's two-year statute of limitations for personal injury claims.  *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).  Although the Court looks to Texas law to determine the applicable limitations period for a section 1983 claim, federal law governs accrual of the claim.  *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993).  The Supreme Court has determined that limitations for a section 1983 claim seeking damages for a false arrest or wrongful detention "in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process."  *Wallace v. Kato*, 549 U.S. 384, 127 S. Ct. 1091, 1100 (2007).

Here, the Harris County criminal records show that plaintiff was provided a probable cause determination before a magistrate following his arrest in cause number 1399222 on November 2, 2013, at which time the magistrate found probable cause for plaintiff's continued detention by the Harris County Sheriff's Office.  Limitations for a false arrest or wrongful detention claim commenced at that point and expired two years later, on November 2, 2015.  Because plaintiff did not file this lawsuit until June 2016, any claim for false arrest or wrongful detention is now barred by limitations.  Likewise, any claim for assault or excessive force is barred by the two-year statute of limitations.  Even assuming one or more of plaintiff's claims did not accrue until the criminal charges were dismissed on January 9,

2014, plaintiff did not file the instant lawsuit within two years thereafter, and the claims would remain barred by limitations.

To any extent plaintiff has lodged a claim for malicious prosecution, the claim must be dismissed for failure to state a claim upon which relief can be granted under section 1983. *See Cuadra v. Houston Independent School District*, 626 F.3d 808, 812–13 (5th Cir. 2010) (holding that there is no independent claim for malicious prosecution under section 1983); *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003) (same).

For these reasons, this lawsuit is DISMISSED WITH PREJUDICE as frivolous, barred by limitations, and/or for failure to state a viable claim under section 1983.  Any and all pending motions are DENIED AS MOOT.  This dismissal constitutes a "strike" for purposes of section 1915(g).

Signed at Houston, Texas on June 27, 2016.

_____
Gray H. Miller
United States District Judge

3